NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE ROBERT YEAGER

---

### 2012-1667

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in serial No. 12/218,144.

---

Decided: June 7, 2013

---

ROBERT D. YEAGER, of Sewickley, Pennsylvania, pro se.

NATHAN K. KELLEY, Deputy Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia, for appellee. With him on the brief were JOSEPH MATAL and FRANCES M. LYNCH, Associate Solicitors.

---

Before DYK, CLEVENGER, and MOORE, *Circuit Judges.*

PER CURIAM.

Robert D. Yeager appeals from a decision of the Patent Trial and Appeal Board ("Board"). The Board affirmed the rejection of claims 1–8 of Yeager's Patent

Application No. 12/218,144 ("the '144 application") as either anticipated or obvious. We *affirm*.

BACKGROUND

The '144 application was filed on July 11, 2008. It claims methods of identifying relevant prior art references within a database for disclosure to the United States Patent and Trademark Office ("PTO") in connection with a patent application. Independent claim 1 reads:

1. A computer-assisted method for facilitating the prosecution of a particular pending patent application in the [PTO], said method comprising:

(a) discriminately selecting [U.S.] patents and published [U.S.] patent applications for submission to the [PTO] in discharge of an applicant's duty of disclosure with respect to said particular pending [U.S.] patent application, said selection step comprising:

(i) constructing a software database of items comprising [U.S.] patents and published patent applications known to said applicant;

(ii) providing for each item within said database searchable indicia representative of the classes and subclasses, when subclasses are available, assigned to said item by the [PTO] in accordance with a [U.S.] Patent Classification System;

(iii) noting the classes and subclasses, when subclasses are

available, assigned to said pending
patent application; and

(iv) conducting by a computer pro-
cessor an electronic search of said
searchable indicia in said database
for items bearing indicia corre-
sponding to said classes and sub-
classes assigned to said pending
patent application; and

(b) disclosing all U.S. patents and pub-
lished U.S. patent applications identified
by the electronic search as having said in-
dicia corresponding to said classes and
subclasses assigned to said pending appli-
cation to the [PTO] in connection with said
pending application.

J.A. 25–26. Dependent claim 6 further requires that "said
database [referenced in claim 1] is a relational database"
(i.e., a database structured to recognize relationships
between stored items of information). J.A. 27. Independ-
ent claim 8 is similar to claim 1, but requires that the
search step to be performed "without conducting a sub-
stantive review of the items within [the] database." J.A.
28. Yeager describes his invention as "employ[ing] the
search strategy adopted by the PTO for examining . . .
particular pending patent application[s] as the criterion
for selecting which . . . U.S. patents and/or published U.S.
patent applications known to the applicant . . . should be
disclosed to the PTO in discharge of the applicant's duty
of disclosure." Appellant's Br. 8–9.

The '144 application was rejected by the examiner
based on two prior art references. The primary reference
is U.S. Patent No. 6,694,331 ("Lee"), which describes a
method of "formulating and facilitating searches for
intellectual property." Lee at [57]. Lee describes a soft-
ware database including U.S. patents and published U.S.

patent applications, and a "class search module . . . for use with one or more classification systems" such as the PTO's patent classification system. Lee col 3. ll. 37–49, col. 6 ll. 35–40. The examiner found that Lee anticipated claims 1–5, 7, and 8 of the '144 application, and that claim 6 was obvious over the combination of Lee and U.S. Patent Publication 2006/0026174 ("Lundberg"). The examiner relied on Lundberg for the "relational database" limitation of claim 6.

Yeager appealed the rejection of his claims to the Board, arguing that Lee did not anticipate his independent claims because a patent applicant's duty of disclosure is a claim limitation and Lee does not address the duty of disclosure. Yeager further asserted that Lee was silent regarding the "noting" and "disclosing" steps in independent claim 1, and challenged the examiner's construction of the claim term "applicant," which the examiner construed to include a "user." Finally, regarding claim 8, Yeager argued that the prior art did not teach searching "without conducting a substantive review of the items within [the] database."

The Board affirmed the examiner's rejections, finding that Lee disclosed all of the elements of Yeager's independent claims, including search criteria based on the PTO's patent classification system. It also found that facilitating a patent applicant's discharge of the duty of disclosure was merely a description of intended use, not a limitation on claim scope. Regarding the "noting" and "disclosing" steps, the Board found that Yeager did not provide an adequate reasoned explanation of his argument to overcome the examiner's anticipation rejection, and that Lee disclosed those steps in any event. The Board further found that the claim term "applicant" was non-functional descriptive material not entitled to any patentable weight. Because Yeager did not offer separate arguments regarding his other claims, the Board did not

address them separately.  Yeager sought rehearing before the Board.

On rehearing, the Board held in the alternative that, even accepting Yeager's proposed claim construction of "applicant" as "an inventor, assignee, or legal representative of either," Lee nonetheless anticipated because "an inventor, assignee, or legal representative of either merely amounts to a potential user."  The Board also noted that Yeager "d[id] not make a bona fide effort to explain" why the prior art did not teach claim 8's limitation of searching "without conducting a substantive review of the items within [the] database."  In the alternative, the Board found "without conducting a substantive review" to be a negative limitation, and that because Lee did not specifically describe conducting substantive review, it implicitly disclosed the absence of substantive review.

Yeager timely appealed to this court.  We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's legal conclusions de novo.  *In re NTP, Inc.*, 654 F.3d 1268, 1273 (Fed. Cir. 2011).  Factual determinations are reviewed for substantial evidence.  *Id.*  Anticipation is a question of fact.  *In re Gleave*, 560 F.3d 1331, 1334–35 (Fed. Cir. 2009).

Yeager first argues that the Board erred by construing the claim term "applicant" to be included within the term "user."  We agree with the Board that Yeager's distinction between "applicant" and "user" is one without a difference.  Lee states that "[a] user . . . may use [search results] . . . as a drafting tool to assist in the preparation of technical or legal documents[,] e.g., . . . patent applications."  Lee col. 9 ll. 16–21.  Thus, Lee clearly discloses use by a patent applicant, including "an inventor or an assignee, and/or the legal representative of either."  Substantial evidence therefore supports the Board's

conclusion that Lee, in describing a "user," includes an "applicant."[1]

Yeager next argues that the Board did not adequately address his arguments regarding the "noting," "disclosing," and "without conducting a substantive review of the items within [the] database" limitations. With respect to these limitations, the Board found that Yeager provided no reasoned explanation as to why Lee does not describe them. Yeager identifies no error in that finding, instead suggesting that his generalized references to those claim limitations in his briefs sufficed to preserve those issues before the Board. As we held in *In re Lovin*, however, a party that offers only "a mere recitation of the claim elements and a naked assertion that the corresponding elements were not found in the proper art" waives any argument with respect to those claim elements. 652 F.3d 1349, 1356–57 (Fed. Cir. 2011). We therefore see no error in the Board's rejection of Yeager's arguments regarding the "noting," "disclosing," and "without conducting a substantive review of the items within [the] database" limitations.

Finally, Yeager argues that the Board erred in finding that Lee discloses using the same search criteria used by the PTO during examination. We disagree. Lee discloses "a search system for use with one or more classification systems (e.g., U.S. Patent and Trademark Office classification of patents)" and states that "classifications may include . . . primary and secondary classifications (e.g., class\subclass) assigned to intellectual property." Lee col. 6. ll. 37–40; col. 6 l. 67 to col. 7. l. 4. Accordingly, the

---

[1]     Because we affirm the Board's conclusion that Lee describes an "applicant" under any claim construction, we do not reach its alternative conclusion that the term was not entitled to any patentable weight.

Board's conclusion that Yeager describes the search criteria applied by the PTO during examination is supported by substantial evidence.

We have considered Yeager's remaining arguments and find them to be without merit.

**AFFIRMED**